**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: September 25 2012

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 08-35508 |
| | ) | |
| GOE Lima, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 10-3299 |
| | ) | |
| Ronald E. Gold, Liquidating Trustee, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Lippincott-Ace Electric Co., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM OF DECISION AND ORDER REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This adversary proceeding is before the court on Plaintiff's Motion for Partial Summary Judgment ("Motion") [Doc. # 23], Defendant's response [Doc. # 30], and Plaintiff's reply [Doc. # 31]. Plaintiff is the Trustee of the Liquidating Trust that was established pursuant to the First Amended Joint Plan of Liquidation confirmed in Debtor's underlying Chapter 11 case. [*See* Case No. 08-35508, Doc. # 612, §§ 7.3 & 8.1 and Doc. # 671]. Plaintiff is authorized under the confirmed Plan to commence this action on behalf of the Liquidating Trust. [*Id.*, Doc. # 612, §§ 8.2 & 10.4(a)]. Defendant is the alleged transferee of the transfers at issue in the Complaint.

In his complaint, Plaintiff seeks to avoid certain prepetition transfers to Defendant as preferential transfers under 11 U.S.C. § 547 (Count I) or, in the alternative, as fraudulent transfers under 11 U.S.C. § 548 (Count II) and under 11 U.S.C. § 544 and Ohio Revised Code, Chapter 1336 (Count IV), and to recover the avoided transfers pursuant to 11 U.S.C. § 550 (Count V). Plaintiff also alleges a claim for avoidance of post-petition transfers under 11 U.S.C. § 549 (Count III) and for disallowance of claims of Defendant against Debtor's bankruptcy estate pursuant to 11 U.S.C.. § 502(d) (Count VI). Plaintiff moves for summary judgment on Counts I and V only.

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising in or related to a case under Title 11. Debtors' Chapter 11 cases and all proceedings arising under Title 11, arising in the Chapter 11 cases or related to the Chapter 11 cases, including this adversary proceeding, have been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings to recover avoidable transfers are core proceedings that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(F). For the reasons that follow, Plaintiff's motion will be denied.

## FACTUAL BACKGROUND

The following facts are undisputed. Debtor's business relationship with Defendant commenced in May 2008. [Doc. # 30 & attached Lyons's Aff., ¶ 4]. Defendant's accounts receivable ledger shows that on September 23, 2008, Debtor owed Defendant $259,716.36 and that Debtor paid Defendant $25,000.00, reducing the balance to $234,716.36. [Doc. # 23 & attached Ex. A, p. 2].[1] The ledger also shows that Debtor paid Defendant $36,454.73 on October 10, 2008, further reducing the balance owed to Defendant to $198,261.63. Defendant does not dispute that it received the September 23 and October 10, 2008, payments.

Debtor's Chapter 11 petition was filed on October 14, 2008. Debtor's bankruptcy Schedule F includes Defendant as a general unsecured creditor in the amount of $197,861.63. [Case No. 08-35508, Doc.

---

[1] Generally, to be considered by the court at the summary judgment stage, "'documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e).'" *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000) (quoting *Oris v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993); *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). Although Plaintiff's Exhibit A was not properly authenticated, *see, e.g.*, *United States v. Billheimer*, 197 F. Supp. 2d 1051, 1058 n.7 (S.D. Ohio 2002); *see also* Fed. R. Evid. 901-903, Defendant has not objected to the exhibit and cites the exhibit in support of facts set forth in its response. The court will, therefore, consider Exhibit A in determining the Motion. *See Investors Credit Corp. v. Batie (In re Batie)*, 995 F.2d 85, 89 (6th Cir. 1993).

2

# 120, p. 32/54].[2] On July 8, 2010, the court entered an order confirming Debtor's First Amended Joint Plan of Liquidation ("Plan"). [*Id.*, Doc. # 671]. The Plan provides, in relevant part, that claims of general unsecured creditors are impaired under the Plan and that "[e]ach holder of an Allowed Class 7 General Unsecured Claim shall receive in Cash in full and final satisfaction of such Claim, its Pro Rata share of the proceeds of the Remaining Assets after payment in full of the Allowed Claims of Classes 1 through 6." [Doc. # 612, § 4.7].

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id*.

### II. Preferential Transfers under 11 U.S.C. § 547 (Count I)

Plaintiff seeks to avoid the two transfers made by Debtor to Defendant on September 23 and October 10, 2008, in the total amount of $61,454.73 ("Transfers"), as preferences under 11 U.S.C. § 547(b). Section 547(b) provides as follows:

> Except as provided in subsection (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property–
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such

---

[2] The court takes judicial notice of the contents of its case docket and the Debtor's schedules. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

3

transfer was made;
(3) made while the debtor was insolvent;
(4) made–
    (A) on or within 90 days before the date of the filing of the petition; . . .
(5) that enables such creditor to receive more than such creditor would receive if–
    (A) the case were a case under chapter 7 of this title;
    (B) the transfer had not been made; and
    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

While § 547(b) authorizes the avoidance of certain prepetition transfers, the Bankruptcy Code excepts from avoidance the types of transfers described in § 547(c). Plaintiff has the burden of proving all five of the elements making a transfer avoidable under § 547(b); however, the party against whom recovery or avoidance is sought has the burden of proving that a transfer is not avoidable under one of the affirmative defenses of § 547(c). 11 U.S.C. § 547(g).

The evidence in this case shows that Defendant is, and was at the time of the Transfers, a creditor of Debtor and that the Transfers were of an interest of Debtor in property. On September 23, 2008, the date of the first transfer at issue, Debtor owed Defendant $259,716.36 before its payment of $25,000.00, and on October 10, 2008, the date of the second transfer at issue, Debtor owed $234,716.36 before making its payment of $36,454.73. Thus, the evidence also shows that the Transfers were made as a partial payment of an antecedent debt owed by Debtor and that they were made within ninety days before October 14, 2008, the date Debtor's bankruptcy petition was filed. Although Plaintiff must also prove that Debtor made the Transfers while it was insolvent, there is a statutory presumption of insolvency during the ninety days immediately preceding the filing of bankruptcy. 11 U.S.C. § 547(f). Defendant offers no evidence to rebut that statutory presumption. *See In re Oakes*, 7 F.3d 234 (Table), 1993 WL 339725, *2 (6th Cir. Sept. 3, 1993) (citing *In re Sierra Steel, Inc.,* 96 B.R. 275, 277 (B.A.P. 9th Cir. 1989) and explaining that the presumption vanishes only after transferee comes forward with substantial evidence of solvency). Thus, there is no dispute that the Transfers were made while Debtor was insolvent.

However, Plaintiff has not met his burden as to the final element of his preference claim, that is, that Defendant received more than it would have received had the transfers not been made and it received its pro rata share of the property of the estate under Chapter 7. According to Plaintiff, this element is satisfied since the confirmed Plan in Debtor's underlying Chapter 11 case is a plan of liquidation, not reorganization, and it clearly provides that unsecured creditors will not be paid in full. While this is true, without more, the

court cannot conclude that the Transfers resulted in Defendant receiving more than it would have had it received its pro rata share on liquidation of the estate. Pursuant to the Transfers made by Debtor, Defendant received only a fraction of the total amount owed it by Debtor. Unlike a situation where Debtor would have received full payment of the debt owed to it, without some evidence of what Debtor's pro rata share would be had the transfer not been made, a genuine issue exists for trial as to whether Debtor received more than he would have received in a Chapter 7 case, and Plaintiff is not entitled to summary judgment on his preference claim.

For the same reason, to the extent that Plaintiff's Motion seeks partial summary judgment on Count V of the Complaint for recovery under § 550 based upon the Transfers being avoided under § 547, his Motion will be denied. And finally, in light of the foregoing, although Defendant offers evidence in support of affirmative defenses asserted under § 547(c), the court does not address those defenses.[3]

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Doc. # 23] be, and hereby is, **DENIED**.

###

---

[3] Although Defendant states in the conclusion of its response to Plaintiff's Motion that it is entitled to summary judgment in its favor on Plaintiff's preference claim, it did not file a motion for summary judgment.

5